**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION—LONDON DOCKET
CIVIL NO:**

HELEN BAKER, *Plaintiff*

vs.  **COMPLAINT**

NATIONAL CREDIT SOLUTIONS, *Defendant*

    Serve:  NATIONAL CREDIT SOLUTIONS
               EVANS BRETT (REGISTERED AGENT)
               3675 EAST I-240 SERVICE RD
               OKLAHOMA CITY, OK 73135

\* \* \* \* \* \* \* \*

NOW COMES Plaintiff, HELEN BAKER ("Plaintiff"), by and through her attorneys, KROHN & MOSS, LTD., and for her Complaint against Defendant, NATIONAL CREDIT SOLUTIONS ("Defendant"), alleges and affirmatively states as follows:

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*.

### PARTIES

2. Plaintiff, HELEN BAKER, is an individual who at all times relevant hereto residing in the State of Kentucky, County of Perry.

3. Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692a(3), and according to Defendant, Plaintiff allegedly owes a debt as that term in defined by 15 U.S.C. § 1692a(5).

4. Defendant is a debt collector as defined by 15 U.S.C. § 1692a(6), and sought to collect a consumer debt from Plaintiff.

5. Defendant is a debt collection agency with a business office in Oklahoma City, Oklahoma.

6. Defendant has acted though its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

## JURISDICTION AND VENUE

7. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

8. Defendant conducts business in the State of Kentucky, and therefore, personal jurisdiction is established.

9. Venue is proper under 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

10. Defendant is attempting to collect a consumer debt from Plaintiff on behalf of the original creditor, Columbia House, account number 046426713, Defendant's file number 9404367-01.

11. Plaintiff's alleged debt owed to Columbia House arises from transactions for personal, family, and household purposes.

12. In approximately February of 2011, Defendant began placing collection calls to Plaintiff in an attempt to collect a debt owed to Columbia House.

13. Defendant called Plaintiff on Plaintiff's home phone (606-436-44xx) in an attempt to collect a debt owed to Columbia House.

14. Defendant called from 800-384-0585, which is a number belonging to Defendant.

15. Plaintiff spoke with Defendant and requested something in writing to prove Plaintiff owed the debt, however Defendant refused to send Plaintiff written confirmation of the debt.

16. Plaintiff requested that Defendant stop calling Plaintiff, however Defendant continued to call Plaintiff in an attempt to collect a debt.

17. On or about February 27, 2011, Plaintiff spoke with Defendant and disputed the debt.

18. On or about March 17, 2011, Defendant called Plaintiff and spoke with Plaintiff's Mother, Rasalee Baker.

19. On or about March 17, 2011, Defendant spoke with Plaintiff's Mother and Defendant disclosed Plaintiff's debt to Plaintiff's Mother.

20. On or about March 17, 2011, Plaintiff's Mother told Defendant that Plaintiff does not owe the debt, and therefore, Defendant should stop calling Plaintiff.

21. On or about March 17, 2011, Defendant's collector, John, called Plaintiff and spoke with Plaintiff. Plaintiff requested proof of the debt in writing and requested that Defendant stop calling Plaintiff.

22. On or about April 7, 2011, Defendant called Plaintiff in an attempt to collect the debt owed to Columbia House. Plaintiff requested proof of the debt in writing and requested that Defendant stop calling Plaintiff.

23. On or about April 27, 2011, Defendant called Plaintiff in an attempt to collect the debt owed to Columbia House. Plaintiff requested proof of the debt in writing and requested that Defendant stop calling Plaintiff.

24. On or about April 27, 2011, Defendant called Plaintiff again in an attempt to collect the debt owed to Columbia House. Plaintiff requested proof of the debt in writing and requested that Defendant stop calling Plaintiff.

25. On or about April 27, 2011, Defendant called Plaintiff again in an attempt to collect the debt owed to Columbia House. Plaintiff requested proof of the debt in writing and requested that Defendant stop calling Plaintiff.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

26. Defendant violated the FDCPA based on the following:

   a. Defendant violated § 1692c(b) of the FDCPA by communicating with third parties in connection with the collection of any debt.
   b. Defendant violated § 1692d of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt.
   c. Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, HELEN BAKER, respectfully request judgment be entered against Defendant, NATIONAL CREDIT SOLUTIONS, for the following:

   a. Statutory damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692k;
   b. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692k;
   c. Any other relief that this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, HELEN BAKER, demands a jury trial in this cause of action.

-5-

DATED:  October 20, 2011                    Respectfully Submitted,


                                              By: /s/ Lee Cassie Yates

                                              Lee Cassie Yates – Atty No. 91821
                                              Attorney for Plaintiff
                                              KROHN & MOSS, LTD.
                                              10 N. Dearborn Street, 3rd Floor
                                              Chicago, Illinois  60602
                                              (312) 578-9428
                                              cyates@consumerlawcenter.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF KENTUCKY

Plaintiff, HELEN BAKER, states as follows:
1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, HELEN BAKER, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

DATE: 10/19/11

HELEN BAKER